UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                 )
FREEDOM WATCH, INC.,             )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    Civil Action No. 09-2398 (RWR)
                                 )
BARACK OBAMA, et al.,            )
                                 )
          Defendants.            )
_____)


MEMORANDUM OPINION AND ORDER

     Plaintiff Freedom Watch alleges that the President of the

United States, an entity styled in the complaint as the Obama

Health Reform De Facto Advisory Committee, and the unknown non-

federal employee members of that committee, violated the Federal

Advisory Committee Act ("FACA"), codified at 5 U.S.C. app. 2, by

failing to make publicly available certain records related to the

committee.  An August 12, 2011 opinion granted the defendants'

motion to dismiss the complaint for lack of subject-matter

jurisdiction and for failure to state a claim with respect to

Freedom Watch's FACA and APA claims and denied it with respect to

Freedom Watch's claim for mandamus review against the President.[1]

The opinion also ordered the parties to brief the issue of

whether the alleged committee had ceased meeting following the

_____

     [1] The defendants' motion to dismiss Freedom Watch's Freedom
of Information Act claim was earlier granted as conceded.

- 2 -

enactment of health care reform legislation and whether certain
of Freedom Watch's claims are moot.  Because Freedom Watch's
claims for access to meetings and a change in the composition of
the committee are no longer redressable, they will be dismissed
as moot.  With regard to Freedom Watch's claim for minutes of the
committee's meetings, which is not moot, the parties will be
ordered to show cause why the government's supplemental
memorandum should not be treated as a motion for summary judgment
on that claim.

## BACKGROUND

The background of this case is set out fully in Freedom
Watch, Inc. v. Obama, 807 F. Supp. 2d 28 (D.D.C. 2011) (the "2011
opinion").  Briefly, in a complaint filed in 2009, Freedom Watch
alleges that the President established a committee, described as
the Obama Health Reform De Facto Advisory Committee ("OHRDFAC"),
to gather information and negotiate agreements in support of the
proposed health reform legislation enacted in 2010.  (Compl.
¶ 7.)  Freedom Watch seeks access to the minutes and decisions of
the committee, a listing of all individuals who attended or
participated in any committee meetings, advance notice of, and
the ability to participate in, any future meetings, and the
appointment of "at least one person with a different point of
view" to the committee.  (Id. ¶¶ 10, 13-14.)  The defendants
moved to dismiss under Federal Rule of Civil Procedure 12(b)(1)

- 3 -

for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.

The 2011 opinion granted in part and denied in part the defendants' motion to dismiss.  As is relevant here, the opinion held that Freedom Watch had alleged sufficiently that the committee qualifies under FACA as an advisory committee and that Freedom Watch might be entitled to mandamus relief against the President.  The parties were ordered to brief the issue of whether the alleged committee had ceased meeting in the wake of Congress passing and the President signing the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010) and the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1029 (2010) ("ACA" collectively), and, if so, whether Freedom Watch's claims for access to meetings and for a change in the composition of the committee were moot.

The defendants filed a supplemental memorandum maintaining that the alleged committee did not and does not now exist and arguing that the case is therefore moot.  (Defs.' Supp. Mem. Concerning the Mootness of Count I ("Defs.' Supp. Mem." at 4-6.) The defendants appended to their memorandum a declaration of Kimberley Harris, a deputy assistant and deputy counsel to the President in the Office of the White House Counsel, who represented that she had reviewed the complaint.  (Defs.' Supp.

- 4 -

Mem., Declaration of Kimberley Harris ("Harris Decl.") ¶ 1.)
Ms. Harris states upon personal knowledge that various
individuals and entities "attended meetings at the White House,
at times in groups, to express their views of health care
reform," but that the entity described by Freedom Watch as the
OHRDFAC in the complaint "does not exist and has never existed."
(Id. ¶¶ 1-3.)  The declaration also indicates that the meetings
at issue were part of discussions held at the White House, videos
of which were made publicly available online.  (Id. ¶ 2.)

Freedom Watch filed a response to the defendants'
supplemental memorandum in which it argues that the declaration
is not credible and requests discovery in the form of a
deposition of Ms. Harris.  (Pl.'s Resp. to Defs.' Supp. Mem.
("Pl.'s Resp.") at 2-4.)  Plaintiff appended to its response two
press articles on the topic of citizens' distrust of government.
Freedom Watch subsequently moved for an order to show cause why
defendants should not be held in contempt, arguing that the
defendants' memorandum failed to respond to the question on which
supplemental briefing was ordered.  (Pl.'s Mot. for Order to Show
Cause.)

DISCUSSION

Jurisdiction in the federal courts is limited under Article
III of the Constitution to the adjudication of actual, ongoing
cases or controversies.  Sierra Club v. Jackson, 648 F.3d 848,

- 5 -

852 (D.C. Cir. 2011).  If a case is moot, it must be dismissed
for lack of subject-matter jurisdiction under Rule 12(b)(1).
Fed. R. Civ. P. 12(b)(1); <u>Sierra Club</u>, 648 F.3d at 852 ("It has
long been settled that a federal court has no authority to give
opinions upon moot questions or abstract propositions, or to
declare principles or rules of law which cannot affect the matter
in issue in the case before it.") (internal quotations omitted).
"A case is moot when 'the challenged conduct ceases such that
there is no reasonable expectation that the wrong will be
repeated' in circumstances where 'it becomes impossible for the
court to grant any effectual relief whatever to the prevailing
party.'"  <u>United States v. Phillip Morris USA Inc.</u>, 566 F.3d
1095, 1135 (D.C. Cir. 2009) (quoting <u>City of Erie v. Pap's A.M.</u>,
529 U.S. 277, 287 (2000)).  "[T]he plaintiff bears the burden of
establishing that the court has subject-matter jurisdiction."
<u>Larsen v. U.S. Navy</u>, 486 F. Supp. 2d 11, 18 (D.D.C. 2007).  In
determining whether jurisdiction exists, not only the allegations
in the complaint but also materials outside the pleadings may be
considered.  <u>EEOC v. St. Francis Xavier Parochial School</u>, 117
F.3d 621, 624 n.3 (D.C. Cir. 1997); 5B Charles Alan Wright,
Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, <u>Federal
Practice and Procedure</u> § 1350 (3d ed. 2011).

The requirement of a live case or controversy exists
throughout the litigation.  "If events outrun the controversy

such that the court can grant no meaningful relief, the case must be dismissed as moot." <u>McBryde v. Comm. to Review</u>, 264 F.3d 52, 55 (D.C. Cir. 2001). Thus, even assuming that Freedom Watch's FACA claims could have been redressed at the time the complaint was filed, Freedom Watch is entitled to maintain this action only if it demonstrates that the relief it seeks is still available. While the 2011 opinion held that Freedom Watch had alleged sufficiently that the committee at issue qualifies under the FACA as an advisory committee, it did not finally resolve the existence of the committee or the alleged committee's current status.

The allegations in Freedom Watch's complaint themselves support a finding that the alleged de facto committee no longer meets. The complaint proposed that "the goal" of the committee allegedly established by President Obama was "gathering information and negotiating agreements that will lead to the passage of President Obama's proposed Health Reform legislation." (Compl. ¶ 7.) The complaint did not posit any mandate or tasks that the committee possessed that would outlast the passage of the relevant legislation, which occurred in 2010. Although Freedom Watch contends that "ongoing meetings and/or communications must still be taking place, since implementation of what has become known as 'Obamacare' involves thousands of regulations, and there is much at stake concerning the

implementation of 'Obamacare'" (Pl.'s Resp. at 1), "[i]t is
axiomatic that a complaint may not be amended by the briefs in
opposition to a motion to dismiss." <u>Arbitraje Casa de Cambio,
S.A. de C.V. v. U.S. Postal Srvc.</u>, 297 F. Supp. 2d 165, 170
(D.D.C. 2003) (citing <u>Coleman v. Pension Benefit Guar. Corp.</u>, 94
F. Supp. 2d 18, 24 n.8 (D.D.C. 2000)).  Nevertheless, Freedom
Watch's briefing fails to make clear that any "ongoing meetings
and/or communications" (Pl.'s Resp. at 1) take place in a
committee with the same organized structure and fixed membership
as the OHRDFAC allegedly has.  Moreover, Freedom Watch has not
demonstrated that the change in specific purpose -- from ensuring
passage of to implementing regulations associated with health
care reform legislation -- has not changed the structure and
membership of the alleged OHRDFAC.  <u>See</u> <u>Ass'n of Am. Physicians &
Surgeons, Inc. v. Clinton</u>, 997 F.2d 898, 914 (D.C. Cir. 1993)
("<u>AAPS</u>") (describing organized structure, fixed membership, and
specific purpose as criteria relevant to determining whether a
group has sufficient formality to qualify as an advisory
committee under FACA).

Freedom Watch further has not rebutted the government's
evidence, in the form of the Harris Declaration made under
penalty of perjury, that no formal advisory committee on health
care reform exists.  Ms. Harris' declaration stated that Planned
Parenthood and the U.S. Chamber of Commerce -- two entities that

- 8 -

Freedom Watch alleged were participants in OHRDFAC meetings (Compl. ¶ 8) -- along with others, attended meetings at the White House "to express their views of health care reform." (Harris Decl. ¶ 2.)  The declaration thus supports the defendants' position that the discussions that took place were in the nature of "an unstructured arrangement in which the government seeks advice from what is only a collection of individuals who do not significantly interact with each other," a "model [that] does not trigger FACA." AAPS, 997 F.2d at 915.  While Freedom Watch devotes its own supplemental briefing to vigorously criticizing the declaration, its argument that "Ms. Harris' Declaration effectively admits that ongoing meetings and communications are occurring; otherwise, she would not have submitted this disingenuous, non-responsive, and misleading, at best, sworn declaration under oath" (Pl.'s Resp. at 3) provides no factual basis for disputing her representation that the alleged committee did not and does not exist.[2]

    Because there are no grounds to find that the alleged committee, even if it did at some point exist, exists at present, the case is moot with respect to Freedom Watch's claims for advance notice of, and the ability to participate in, any future

_____

[2] The two press articles attached to Freedom Watch's response do not even address consultations regarding health care legislation, much less provide any factual rebuttal to the defendants' declarant's assertion that the President did not establish an advisory committee on that topic.

meetings of the OHRDFAC (Compl. ¶ 13), and with respect to its claim for the appointment of "at least one person with a different point of view" to the committee. (<u>Id.</u> ¶ 14.)  On these claims, Freedom Watch has not carried its burden to "establish[] by a preponderance of the evidence that the Court possesses jurisdiction" over an ongoing controversy that could be redressed by a favorable decision.  <u>Ctr. for Arms Control and Non-Proliferation v. Redd</u>, Civil Action No. 05-682 (RMC), 2005 WL 3447891, at *3 (D.D.C. Dec. 15, 2005).

A different analysis applies to Freedom Watch's claim for access to the minutes and decisions of the committee, along with a listing of all individuals who attended or participated in committee meetings.  (Compl. ¶ 10.)  "The federal government's statutory duty under FACA to allow the public to inspect and copy documents may be limited in time by the statute, but the ability of a court to award access to the documents as relief for previous violations of that duty is limited only by the existence of the documents."  <u>Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.</u>, 219 F. Supp. 2d 20, 30 (D.D.C. 2002).  Thus, even if claims against a particular custodian of records of an alleged committee subject to FACA become moot when the custodian relinquishes such records and the committee ceases to exist, "th[e] case is not moot because, regardless whether mandamus relief is available, a declaration of the [plaintiff's] legal

right to the materials could form the basis of an injunction"
against the current custodian.  Ctr. for Arms Control and Non-
Proliferation v. Pray, 531 F.3d 836, 839 n.* (D.C. Cir. 2008)
(citing Cummock v. Gore, 180 F.3d 282, 292-93 (D.C. Cir. 1999)
(remanding a request for documents under FACA as not rendered
moot by the termination of the advisory committee in question)).
An injunction against the custodian of the requested records
"would redress the [plaintiff's] claimed injury."  Id.

Freedom Watch's claim for committee materials therefore must
be resolved on the merits.  The government's supplemental
memorandum, representing that no formal advisory committee on
health care reform not only does not but also has never existed,
might be construed as a motion for summary judgment on this
claim.  However, the 2011 opinion resolved the defendants' motion
to dismiss under Rules 12(b)(1) and 12(b)(6) and ordered
supplemental briefing only on the mootness of the claims for
access to meetings and a change in the committee's composition.
Although Freedom Watch specifically styled its supplemental
memorandum as a "Response" to the defendants' memorandum (see
Pl.'s Reply to the Defs.' Opp'n to Pl.'s Mot. for Order to Show
Cause at 3 (arguing that staggered briefing was warranted to
permit the plaintiff to address the defendants' arguments)), and
provided its own documentary evidence, it has not received
adequate notice of any need to oppose summary judgment.

See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) (observing that "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that [it] had to come forward with all of [its] evidence."). In general, summary judgment "is proper only after the plaintiff has been given adequate time for discovery," First Chicago Int'l v. United Exch. Co., Ltd., 836 F.2d 1375, 1380 (D.C. Cir. 1988), and, in its response to the defendants' supplemental memorandum, Freedom Watch requested discovery to depose Ms. Harris. The parties therefore will be ordered to show cause why the government's supplemental memorandum should not be treated as a motion for summary judgment, and Freedom Watch will be permitted to justify its request for discovery.

Finally, there are no grounds on which to hold the defendants in contempt as urged by Freedom Watch in its motion for an order to show cause. The defendants complied with the order "to brief the issue of whether the committee has ceased all meetings relating to the ACA and Freedom Watch's claims are moot." Freedom Watch, 807 F. Supp. 2d at 31 n.2. Because the 2011 opinion held only that the complaint sufficiently pled that a committee existed, the defendants were not foreclosed from maintaining, and submitting a declaration, that the committee as alleged did not and does not in fact exist. Although the order for supplemental briefing did not invite additional briefing on

- 12 -

the availability of mandamus relief, defendants' election to

discuss that issue (Defs.' Supp. Mem. at 7-15) does not nullify

the fact of their compliance with the order and is not a basis

for a contempt finding or any other sanctions.

<u>CONCLUSION AND ORDER</u>

Freedom Watch's claims for advance notice of, and the

ability to participate in, future meetings of the OHRDFAC, as

well as its claim to change the committee's membership, must be

dismissed as moot because the plaintiff has not carried its

burden to demonstrate that the alleged committee continues in

existence.  Accordingly, it is hereby

ORDERED that the claims for advance notice of committee

meetings and a change in the committee's composition be, and

hereby are, DISMISSED as moot.  It is further

ORDERED that the plaintiff's motion [18] for an order to

show cause why defendants should not be held in contempt be, and

hereby is, DENIED.  It is further

ORDERED that parties show cause by June 5, 2012 why the

defendants' supplemental memorandum should not be treated as a

motion for summary judgment on the claim for minutes of the

alleged committee's meetings.  It is further

ORDERED that the plaintiff's requests [21, 22, 23] for a

telephonic status conference be, and hereby are, DENIED.

- 13 -

SIGNED this 15th day of May, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge
