UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
FREEDOM WATCH, INC.,           )
                               )
          Plaintiff,           )
                               )
          v.                   )     Civil Action No. 09-2398 (RWR)
                               )
BARACK OBAMA, et al.,          )
                               )
          Defendants.          )
_____)
```

MEMORANDUM OPINION

Plaintiff Freedom Watch sued the President of the United States, an entity styled in the complaint as the Obama Health Reform De Facto Advisory Committee ("OHRDFAC"), and the unknown non-federal employee members of that committee for alleged violations of the Federal Advisory Committee Act ("FACA"), codified at 5 U.S.C. app. 2, seeking access to information about the membership and meetings of the OHRDFAC. The defendants move for summary judgment[1] on Freedom Watch's claim for minutes of the committee's past meetings arguing that the OHRDFAC does not exist and that the stakeholder meetings did not create an advisory committee subject to FACA. Because the defendants have shown that there is no genuine dispute of material fact and that they

_____

[1] On September 26, 2011 and August 29, 2012, the defendants filed memoranda relating to Freedom Watch's claim for copies of meeting minutes. The defendants' memoranda were ordered to be "treated as a motion for summary judgment on the sole remaining claim for copies of certain meeting minutes." December 20, 2012 Minute Order.

- 2 -

are entitled to judgment as a matter of law on the claim for meeting minutes, the defendants' motion for summary judgment will be granted.

BACKGROUND

The background of this case is set out fully in <u>Freedom Watch, Inc. v. Obama</u>, 807 F. Supp. 2d 28 (D.D.C. 2011). Briefly, Freedom Watch alleges that the President established the OHRDFAC to gather information and negotiate agreements in support of the proposed health reform legislation enacted in 2010. Compl. ¶ 7. Freedom Watch sought access to the committee's meeting minutes and decisions, a listing of all individuals who attended or participated in any committee meetings, advance notice of, and the ability to participate in, any future meetings, and the appointment of "at least one person with a different point of view" than the committee. Compl. ¶¶ 10, 13-14. The claim for minutes of the alleged committee's meetings survived the government's motion to dismiss and an additional challenge based on mootness.[2] The defendants' first supplemental memorandum states that the OHRDFAC and any documents or minutes from the committee's meetings never existed. The defendants admit that President Obama and his staff held meetings with individuals and entities who were stakeholders in health care reform. Defs.'

---

[2] Freedom Watch's other claims were dismissed as moot. <u>Freedom Watch, Inc. v. Obama</u>, 859 F. Supp. 2d 169, 174-76 (D.D.C. 2012).

Supp. Mem. Concerning the Mootness of Count 1 at 4-6, Ex. 1, Decl. Of Kimberley Harris ("Harris Decl.") ¶¶ 2-4.  The parties were ordered to show cause why the defendants' supplemental memorandum should not be treated as a motion for summary judgment on the plaintiff's sole remaining claim for minutes of the committee's meetings.  <u>Freedom Watch, Inc. v. Obama</u>, 859 F. Supp. 2d 169, 176 (D.D.C. 2012).  The defendant responded that the supplemental memorandum should be treated as a motion for summary judgment and Freedom Watch opposed, arguing in part that the Harris Declaration was insufficient evidence to support the defendants' claim for summary judgment.  A July 13, 2012 memorandum order found the defendants' evidence to be insufficient to support granting summary judgment to the defendants.  <u>See</u> Mem. Order entered July 13, 2012 at 2-3.  The defendants were ordered to file a joint status report reflecting whether they would provide further evidentiary support or confer with Freedom Watch about discovery.  <u>Id.</u> at 3.

In response to these deficiencies, the defendants filed a second supplemental memorandum arguing that the additional evidentiary support submitted with that memorandum would be sufficient to grant summary judgment to them on the sole remaining claim.  Defs.' Mem. of Law ("Second Supp. Mem.") at 4-9.  The defendants submitted the declaration of Andrew White, a Special Assistant and Associate Counsel to the President, which

- 4 -

provides further detail on the stakeholder meetings including a
list of stakeholder meetings relating to the healthcare
legislation.  Id., Ex. 1, Decl. of Andrew Wright ("Wright
Decl."), Ex. A.  Freedom Watch responds that the government's
declarations are based on hearsay and fail to disclose important
facts and that the plaintiff is entitled to discovery under
Federal Rule of Civil Procedure 56(d).  Pl.'s Opp'n to Defs.'
Mot. for Summ. J. ("Pl.'s Opp'n") at 2-4.

<u>DISCUSSION</u>

Summary judgment is proper on a claim where "there is no
genuine dispute as to any material fact and the movant is
entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).
At the summary judgment stage, "'[t]he evidence of the non-movant
is to be believed, and all justifiable inferences are to be drawn
in his favor.'"  <u>Feirson v. District of Columbia</u>, 506 F.3d 1063,
1066 (D.C. Cir. 2007) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>,
477 U.S. 242, 248 (1986)).  However, "[a] party may not rely
merely upon denials in pleadings to show a genuine dispute, but
must come forward with specific evidence that reveals a genuine
factual dispute."  <u>Henok v. Chase Home Fin., LLC</u>, Civil Action
No. 12-292 (RWR), 2013 WL 718771, at *2 (D.D.C. Feb. 26, 2013).

FACA defines an advisory committee as "any committee, board,
commission, council, conference, panel, task force, or other
similar group, . . . which is . . . established or utilized by

the President[.]"  5 U.S.C. app. 2 § 3(2).  For the purposes of

FACA, "[a]n advisory panel is established when it has been formed

by a government agency, and utilized if it is 'amenable to . . .

strict management by agency officials.'"  Heartwood, Inc. v. U.S.

Forest Serv., 431 F. Supp. 2d 28, 34 (D.D.C. 2006) (quoting Pub.

Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 457-58 (1989)).

Because "a group is a FACA advisory committee when it is asked to

render advice or recommendations, *as a group*, and not as a

collection of individuals[,]" "an important factor in determining

the presence of an advisory committee [is] the formality and

structure of the group."  Ass'n of Am. Physicians & Surgeons,

Inc. v. Clinton, 997 F.2d 898, 913-14 (D.C. Cir. 1993). Criteria

relevant to determining if a group has sufficient formality and

structure to qualify as a FACA advisory committee include whether

the group has 1) "an organized structure," 2) "a fixed

membership," and 3) "a specific purpose."  Id. at 914.  The D.C.

Circuit has recognized that groups generally fall on a continuum:

> At one end one can visualize a formal group of a
> limited number of private citizens who are brought
> together to give publicized advice as a group.  That
> model would seem covered by the statute regardless of
> other fortuities such as whether the members are called
> "consultants."  At the other end of the continuum is an
> unstructured arrangement in which the government seeks
> advice from what is only a collection of individuals
> who do not significantly interact with each other.
> That model . . . does not trigger FACA.

Id. at 915; see also Heartwood, 431 F. Supp. 2d at 35 (stating

that where "the President or an agency seeks to 'provide[] a

mechanism and sounding board to test the pulse of the country by
conferring directly or indirectly with . . . widely disparate
special interest groups' and encourage an 'exchange of views,'
the resulting meetings are not subjected to the requirements of
the FACA" (quoting <u>Nader v. Baroody</u>, 396 F. Supp. 1231, 1234
(D.D.C. 1975))).

The defendants' initial memorandum furnished insufficient
information to warrant summary judgment for the defendants.  In
particular, the defendants' evidence did not "present any
reasonably full list of the names of the participants [in the
stakeholder meetings]," "provide enough detail to determine the
number and formality of meetings or whether the same individuals
and entities attended the meetings with regularity[,]" or
"provide enough details to permit an assessment of whether the
individuals who participated in the health care reform
discussions were asked to render collective advice or produce any
other type of collaborative work product."  Mem. Order entered
July 13, 2012 at 2-3.  The defendants now provide further
evidence that the stakeholder meetings do not meet the
qualifications of FACA because they solicited "individual views"
and a broad range of "unique perspectives and experiences" and
the members "were not asked to, and did not, provide advice or
recommendations as a group."  Second Supp. Mem., Ex. 1, Wright
Decl. ¶¶ 8, 11.  The government proffers the Wright declaration

which includes details about the healthcare stakeholder meetings, a report from the White House Forum on Health Reform, and an appendix which provides the dates and descriptions of meetings that then-Director of the White House Office of Health Reform Nancy-Ann DeParle held with stakeholders regarding health reform. See id., Ex. 1, Wright Decl. ¶¶ 3-11, Exs. A, B.

In response, Freedom Watch argues that the defendants have not disclosed the specific information which the court ordered. Pl.'s Opp'n at 2.  However, the government's evidence provided the names of the individuals who attended the White House Forum on Health Reform as well as a list of the individuals who attended meetings with the Office of Health Reform from March 2009 to March 2010.  See Second Supp. Mem., Ex. 1, Wright Decl., Exs. A, B.  These documents also reflect both the number of meetings and the individuals and entities who attended the meetings.  See id.  Wright's declaration, submitted under penalty of perjury, states that the purpose of the stakeholder meetings was not to "obtain[] consensus advice or recommendations from group deliberation[.]"  Instead, the participants were only to provide "individual views[,]" and "were not asked to, and did not, provide advice or recommendations as a group."  Id., Ex. 1, Wright Decl. ¶¶ 8, 11.  Wright's "review of White House documents, . . . consultation with White House staff present at many of the meetings[,] . . . and [knowledge of] materials

- 8 -

reviewed for submission to Congress[,]" <u>id.</u> ¶ 2, provide a
sufficient basis to support his declaration.[3]  Finally, the
defendants' submissions reflect that the individuals attending
these meetings varied significantly and there is no evidence that
the defendants had the goals of attaining collective advice or
collaborative work product from the stakeholder meetings.  The
defendants have provided sufficient evidence to support their
claim that the alleged committee does not fall within the scope
of FACA.

   Freedom Watch proffers no specific evidence to rebut the
defendants' claims but only requests discovery under Rule 56(d).
Rule 56(d) provides that

      [i]f a nonmovant shows by affidavit or declaration
      that, for specified reasons, it cannot present facts
      essential to justify its opposition, the court may:
      (1) defer considering the motion or deny it; (2) allow
      time to obtain affidavits or declarations or to take
      discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  The decision to grant or deny relief
under Rule 56(d) is within the discretion of the district court.
<u>Seed Co., Ltd. v. Westerman</u>, 840 F. Supp. 2d 116, 121 (D.D.C.

---

[3] The plaintiff states that the Wright and Harris
declarations are "untimely hearsay" and overly general, and were
submitted in bad faith.  Pl.'s Opp'n at 3 & n.1.  Whatever
"untimely" may mean, it presents no factually-based challenge to
the accuracy of the information provided in the supplements that
was gleaned in part from doubtlessly admissible business records,
and the declarations collectively are far from overly general.
Further, the plaintiff has provided no factual basis for finding
under Rule 56(h) that the declarations were submitted in bad
faith.

2012) (citing <u>Stella v. Mineta</u>, 284 F.3d 135, 147 (D.C. Cir. 2002)).  A Rule 56(d) affidavit "cannot be a generalized, speculative request to conduct discovery but must demonstrate that further specified discovery will defeat a summary judgment motion, . . . and show what facts [the nonmoving party] intend[s] to discover that would create a triable issue and why he could not produce them in opposition to the motion."  <u>Butler v. Schapiro</u>, 839 F. Supp. 2d 252, 258 (D.D.C. 2012) (internal citations and quotation marks omitted); <u>see also</u> <u>Seed Co.</u>, 840 F. Supp. 2d at 121 (stating that the nonmovant "'must state by affidavit the reasons why he is unable to present the necessary opposing material'" (quoting <u>Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Wash.</u>, 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983))).  Under Rule 56(d), "[c]onclusory allegations without any supporting facts are not sufficient to justify additional discovery."  <u>Butler</u>, 839 F. Supp. 2d at 258 (internal quotation marks omitted).  Further, "[w]here . . . plaintiff offers no reason to doubt [the declarants'] veracity, discovery under Rule 56(f) may not be used to test [their] credibility."[4] <u>Citizens for Responsibility and Ethics in Wash. v. Leavitt</u>, 577 F. Supp. 2d 427, 434 (D.D.C. 2008) (analyzing a request for discovery under the earlier version of Rule 56).

---

[4] Freedom Watch alleges, with no factual support, that the defendants' declarations are "false and misleading[.]"  Pl.'s Opp'n at 3.

- 10 -

Here, Freedom Watch seeks discovery of documents and
materials relating to the alleged "advisory committee meetings"
and depositions of persons who attended the meetings.  Pl.'s
Opp'n, Ex. 1, FRCP Rule 56(d) Aff. of Larry Klayman in Supp. of
Pl.'s Opp'n to Defs.' Mot. for Summ. J. ¶¶ 2-4.  Freedom Watch
fails to meet the requirements of Rule 56(d).  Freedom Watch has
not specified what facts it intends to discover to rebut the
government's evidence.  Instead, Freedom Watch simply states that
the defendants "are in sole custody" of the relevant information.
Id. ¶ 4.  The plaintiff's request for discovery is unsupported by
any facts and includes only the type of conclusory allegations
which are insufficient for gaining relief under Rule 56(d).

CONCLUSION

The defendants have offered facts, unrebutted by any
contrary factual showings, sufficient to satisfy their burden to
establish that they are entitled to judgment as a matter of law.
The plaintiff has not shown any justification for discovery under
Rule 56(d).  Therefore, the defendants' motion for summary
judgment on the plaintiff's claim for meeting minutes will be
granted.  An appropriate Order accompanies this memorandum
opinion.

- 11 -

SIGNED this 15th day of March, 2013.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge